No. 25-2398

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

SETH STEIDINGER, ET AL.,

*Plaintiffs-Appellants*,

v.

BLACKSTONE MEDICAL SERVICES, LLC,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of Illinois
Case No. 1:24-cv-01074-JEH-RLH
Hon. Jonathan E. Hawley

## MOTION OF *AMICUS CURIAE* THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Maria C. Monaghan
Mariel A. Brookins
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062

Russell B. Balikian
Andrew Y. Ebrahem
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8535
RBalikian@gibsondunn.com
AEbrahem@gibsondunn.com

Counsel for *Amicus Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), *amicus curiae* the Chamber of Commerce of the United States of America (the "Chamber") respectfully requests that the Court grant the Chamber leave to participate in oral argument and allocate at least 20 minutes of time to each side, which the Chamber would share with Defendant-Appellee Blackstone Medical Services, LLC ("Blackstone Medical"). Blackstone Medical consents to this motion and has agreed to split argument time with the Chamber, such that Blackstone Medical would have at least 15 minutes and the Chamber would have 5 minutes. Plaintiffs oppose the motion.

The Chamber's participation in oral argument will assist the Court. The Chamber is the world's largest business federation, representing approximately 300,000 direct members and indirectly representing the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. Moreover, the Chamber frequently participates in cases, like this one, that raise issues of concern to the Nation's business community—and given the Chamber's unique perspective, courts regularly permit the Chamber to participate in oral argument as an

*amicus curiae*. *See*, *e.g.*, Order, *Zafirov v. Fla. Med. Associates, LLC*, No. 24-13581 (11th Cir. Nov. 24, 2025), Dkt. 161; Order, *Brown-Forman Corp. v. NLRB*, No. 24-2107 (6th Cir. Nov. 18, 2025); *JP Morgan Chase Bank, N.A. v. VTB Bank, P.J.S.C.*, 2025 WL 1983432 (2d Cir. July 17, 2025); *Cornelius v. CVS Pharma. Inc.*, 133 F.4th 240, 242 (3d Cir. 2025); Order, *Skyline Tower Painting, Inc. v. Goldberg*, No. 24-141 (4th Cir. Apr. 7, 2025). The Chamber has considerable experience with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Administrative Procedure Act ("APA"), 5 U.S.C. 706, and the doctrines governing requests for judicial deference to administrative agencies. *See*, *e.g.*, *Facebook, Inc. v. Duguid*, No. 19-511 (U.S.) (filed Nov. 20, 2019); *Charter Commc'n, Inc. v. Gallion*, No. 19-575 (U.S.) (filed Dec. 2, 2019); *Borden v. eFinancial, LLC*, No. 21-35746 (9th Cir.) (filed Feb. 9, 2022); *Lindenbaum v. Realgy, LLC*, No. 20-4252 (6th Cir.) (filed Mar. 24, 2021); *Gadelhak v. AT&T Servs., Inc.*, No. 19-1738 (7th Cir.) (filed Aug. 22, 2019); *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018) (Chamber was petitioner).

The Chamber has brought this expertise to bear in this case. For example, the Chamber uniquely has explained why neither the APA's

arbitrary-and-capricious standard nor the Supreme Court's decision in *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), provides any basis for this Court to defer to the FCC's interpretation of the TCPA. Chamber Br. 20-26. The Chamber has also elaborated on the text, history, and structure of the TCPA and the meaning of the term "telephone call" as it relates to text messaging. *Id.* at 7-17. The Chamber has further clarified which provisions of the TCPA the FCC has (and has not) purported to interpret. *Id.* at 18 & n.12. And the Chamber has explained how adopting Plaintiffs' erroneous, overbroad reading of § 227(c)(5) would negatively impact consumers across the United States and incentivize meritless, abusive TCPA litigation. Chamber Br. 29-33.

Confirming the importance of the Chamber's contributions in this case, Plaintiffs requested and received the Court's permission to file an overlength reply brief, and they devoted a separate section of the brief to the Chamber's filing. Reply Br. 19-24. Allowing the Chamber to participate in oral argument will enable the Court to fully explore the issues raised in the briefing.

Plaintiffs will not be unfairly prejudiced by the Chamber's participation in oral argument. The Chamber's proposal would give

Plaintiffs the same amount of argument time (at least 20 minutes) that Blackstone Medical and the Chamber would have combined. The Chamber's five minutes would come from Blackstone Medical's allocation of argument time—and Blackstone Medical has consented to this motion.

For all these reasons, the Chamber respectfully requests that the Court grant the Chamber leave to participate in oral argument and allocate at least 20 minutes of argument time to each side, which Blackstone Medical would split with the Chamber.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Russell B. Balikian*

Maria C. Monaghan
Mariel A. Brookins
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062

Russell B. Balikian
Andrew Y. Ebrahem
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8535
RBalikian@gibsondunn.com
AEbrahem@gibsondunn.com

Counsel for *Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(c) because the motion contains 982 words, excluding the parts exempted by Rule 32(f). This motion also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook typeface.

*/s/ Russell B. Balikian*

Russell B. Balikian

February 19, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit via the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Russell B. Balikian*
Russell B. Balikian

February 19, 2026