No. 25-2398

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

SETH STEIDINGER, ET AL.,

*Plaintiffs-Appellants*,

v.

BLACKSTONE MEDICAL SERVICES, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of Illinois
Case No. 1:24-cv-01074-JEH-RLH
Hon. Jonathan E. Hawley

## OPPOSITION TO MOTION OF AMICUS CURIAE THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Abbas Kazerounian
Ryan L. McBride
Kazerouni Law Group, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
(800) 400-6808
ak@kazlg.com
ryan@kazlg.com

Interim Lead Attorneys for Plaintiffs-Appellants and the Putative Class

## I. INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), Plaintiffs respectfully oppose the motion of the Chamber of Commerce of the United States of America (the "Chamber") for leave to participate in oral argument. Although this Court retains discretion to permit amicus participation where such argument would materially assist its deliberations, that discretion is properly exercised when the proposed argument offers genuine aid beyond the advocacy already provided by the parties. Further, the Chamber's participation is not as a neutral "friend" to the Court, but rather a partisan advocate for Appellee. Finally, the Chamber is simply offering duplicative advocacy for Defendant-Appellee. Thus, the Chamber's motion should be denied.

## II. ARGUMENT

### A. The Chamber's Participation Provides No Value

In a widely cited case, Judge Posner noted that even the mere filing of an amicus curiae brief should only be allowed "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v.*

2

*CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (J. Posner, in chambers)*; see also Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).

Here the Chamber's proposed participation provides no added assistance and only creates "prolixity and duplication[.]" *Ryan*, 125 F.3d at 1063. Indeed, the Chamber seeks to advance a distinctly partisan position aligned with Defendant-Appellee while offering no distinct analysis, specialized expertise, or institutional perspective that is not already fully set forth in the parties' submissions and in the Chamber's own written amicus filings. Moreover, Plaintiffs have not opposed the submission of numerous amicus briefs in this matter and have afforded *Amici* considerable latitude to present their views in writing. Having already exercised that opportunity, the Chamber cannot demonstrate that additional oral advocacy, even through shared argument time, would meaningfully assist the Court.  Permitting such participation would risk converting oral argument from a focused exchange between the Court and the parties into cumulative advocacy that adds no substantive value. Because the Chamber has failed to establish any concrete basis for concluding that its oral participation would materially aid the Court's decision-making process, its motion for leave to participate in oral argument should be denied. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (finding the purpose of *amicus curiae* is to "assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs"); *United States*

*v. State of Mich.*, 940 F.2d 143, 164 (6th Cir. 1991) (noting the orthodox view of *amicus curiae* "was, and is, that of an *impartial* friend of the court—not an *adversary party in interest in the litigation*").

## B. The Chamber's Participation is Strictly Partisan and Duplicative

The proposed participation of the Chamber of Commerce of the United States of America in oral argument would provide no meaningful benefit to the Court beyond that already provided by the parties. Amicus participation is intended to supply the Court with a distinct perspective or specialized expertise not otherwise represented; it is not a mechanism to allow an additional advocate to reiterate arguments already fully developed in the parties' submissions. The Seventh Circuit has cautioned that amicus participation is improper where it merely duplicates a litigant's position or serves as additional partisan advocacy rather than genuine assistance to the Court. *See Ryan*, , 125 F.3d at 1063. ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed"). Here, the Chamber has already expressed its views in written submissions, and the aligned party remains fully capable of presenting those arguments within its allotted time. Permitting the Chamber to participate in oral argument, even while sharing time with Defendant-Appellee,

would add no material value and risks converting oral argument into a vehicle for cumulative advocacy rather than judicial inquiry.

The proposed participation of the Chamber in oral argument is similarly inappropriate because the Chamber is not functioning as a neutral friend of the Court but as a partisan advocate aligned with Defendant-Appellee. Courts within this Circuit have recognized that amicus participation rests on judicial discretion and may be denied where the proposed participation reflects partisan advocacy rather than genuine assistance. *See Leigh*, 535 F. Supp. 418 at 420 (explaining that an amicus curiae is expected to function as an impartial advisor to the court and that leave may be denied where the amicus advances a partisan position). The Seventh Circuit has similarly cautioned that amicus participation frequently reflects interest-group advocacy and risks circumventing the limitations imposed on the parties themselves. *See NOW, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). These concerns carry particular force in the context of oral argument, where limited time is intended to facilitate focused judicial inquiry rather than to provide an additional platform for aligned advocacy. Even where argument time is shared with a party, Federal Rule of Appellate Procedure 29 underscores that amicus participation remains a discretionary privilege, granted only when the amicus can demonstrate unique assistance to the Court. Because the Chamber's proposed participation is intended to bolster Defendant-Appellee's position rather than offer independent

guidance, allowing it to argue would be inconsistent with the limited and impartial role historically envisioned for *amici* in appellate proceedings.

**C. The Chamber's Oral Participation Would be Duplicative of Briefing**

The request for amicus participation in oral argument is particularly unwarranted where the Court has already been presented with extensive amicus submissions addressing the issues in this appeal. The Plaintiffs have not opposed the filing of multiple amicus briefs, and as a result, the Court already possesses a substantial body of third-party analysis in addition to the parties' own comprehensive submissions. The discretionary nature of amicus participation reflects the principle that such participation should be permitted only to the extent it meaningfully assists the Court, not merely to multiply advocacy. *See NOW*, *Inc.*, 223 F.3d, 616–17 (recognizing that acceptance of amicus participation is a matter of "judicial grace" and cautioning against the expansion of interest-group advocacy in appellate litigation). Given the extensive amicus briefing already before the Court, additional oral argument would not materially enhance the Court's understanding of the issues.

**III. CONCLUSION**

For the foregoing reasons, the Court should deny the motion for leave to participate in oral argument. Although amicus participation may be permitted under

Rule 29 when it meaningfully assists the Court, the proposed argument here would provide no material benefit beyond that already supplied by the parties and the extensive amicus briefing already before the Court. As recognized in *Ryan*, 125 F.3d at 1063, amicus participation is not intended to serve as an additional vehicle for duplicative advocacy, and the Chamber's proposed argument would merely reiterate positions the aligned party is fully capable of presenting within its allotted time. Moreover, the Chamber's request reflects the type of partisan participation that courts have consistently cautioned should be narrowly circumscribed, particularly where amicus submissions risk functioning as an extension of a party's advocacy rather than providing neutral assistance to the Court. *See NOW*, *Inc.*, 223 F.3d at 616–17. Given that multiple amicus briefs have already been accepted, the Court is well informed regarding the broader policy considerations implicated by this appeal, and additional oral participation would offer little practical value. In the exercise of its discretion, the Court should therefore decline to permit the Chamber to participate in oral argument.

Dated: February 27, 2026

Respectfully submitted,

/s/Ryan L. McBride
Abbas Kazerounian
Ryan L. McBride
Kazerouni Law Group, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
(800) 400-6808
ak@kazlg.com

ryan@kazlg.com

Interim Lead Attorneys for
Plaintiffs-Appellants and the
Putative Class

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(c) because the motion contains 1,308 words, excluding the parts exempted by Rule 32(f). This motion also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

Dated: February 27, 2026

Respectfully submitted,

/s/Ryan L. McBride
Ryan L. McBride

# CERTIFICATION OF SERVICE

I hereby certify that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit via the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.


Dated: February 27, 2026                    Respectfully submitted,

                                            /s/Ryan L. McBride
                                            Ryan L. McBride