No. 25-2398

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

---

Seth Steidinger, et al.,

*Plaintiffs-Appellants*,

v.

Blackstone Medical Services, LLC,

*Defendant-Appellee*.

---

On Appeal from the United States District Court
for the Central District of Illinois
Case No. 1:24-cv-01074-JEH-RLH
Hon. Jonathan E. Hawley

---

**REPLY IN SUPPORT OF MOTION OF *AMICUS CURIAE* THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

---

Mariel A. Brookins
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, D.C. 20062

Russell B. Balikian
Andrew Y. Ebrahem
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8535
RBalikian@gibsondunn.com
AEbrahem@gibsondunn.com

Counsel for *Amicus Curiae*

This appeal presents an important and recurring question about the scope of private suits under the TCPA—one with consequences extending well beyond the parties before the Court. The Chamber, which represents the interests of more than three million businesses and organizations nationwide, has substantial experience with the TCPA and the administrative-law principles and deference doctrines on which Plaintiffs rely. The Chamber's participation at oral argument would thus assist the Court and would not prejudice Plaintiffs. The Court should therefore grant the Chamber's Motion for Leave to Participate in Oral Argument, Doc. 50 (Feb. 19, 2026) ("Motion" or "Mot.").

There can be no serious dispute that the Chamber offers a distinct perspective in this appeal. Mot. 3-4. The Chamber raised multiple arguments not fully addressed in the principal briefs, and Plaintiffs devoted an *entire section* of their reply to responding to them. Reply Br. 19-24. Most notably, the Chamber has explained why neither (i) the APA's arbitrary-and-capricious standard nor (ii) the Supreme Court's decision in *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), provides any basis for deferring to the FCC's interpretation of the TCPA. Chamber Br. 20-26. The Chamber also addressed key aspects of the text, history, and

1

structure of the TCPA and the meaning of the term "telephone call" that were not fully explored in the principal briefs. *Id.* at 7-17. The Chamber has further clarified which provisions of the TCPA are subject to an FCC interpretation, *id.* at 18 & n.12, and explained the negative consequences of Plaintiffs' interpretation for consumers and businesses alike, *id.* at 29-33. Allowing the Chamber to participate in oral argument will aid the Court's examination of these and other issues.

Nor have Plaintiffs identified any prejudice from the Chamber's participation at oral argument. Plaintiffs would retain the same amount of argument time as Blackstone Medical and the Chamber combined. The Chamber seeks only five minutes, drawn from Blackstone Medical's allotted time. Any concern about duplicative advocacy is therefore unfounded: The Chamber brings a distinct institutional perspective, advances arguments not fully addressed by the parties, and seeks limited time. Courts of appeals regularly grant the Chamber argument time in cases affecting the business community. *See* Mot. 2-3 (collecting cases).

For these reasons, the Court should grant the Chamber leave to participate in oral argument and allocate at least 20 minutes per side, which Blackstone Medical would split with the Chamber.

Dated: March 4, 2026

Respectfully submitted,

/s/ *Russell B. Balikian*

Mariel A. Brookins
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C. 20062

Russell B. Balikian
Andrew Y. Ebrahem
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8535
RBalikian@gibsondunn.com
AEbrahem@gibsondunn.com

Counsel for *Amicus Curiae*

**CERTIFICATE OF COMPLIANCE**

The foregoing reply complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(c) because it contains 398 words, excluding the parts exempted by Rule 32(f). It also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point New Century Schoolbook typeface.

*/s/ Russell B. Balikian*
Russell B. Balikian


March 4, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit via the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Russell B. Balikian*

Russell B. Balikian

March 4, 2026